**In re SPIRITED, INC., Debtor.**

**Bankruptcy No. 81–04307 T.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Nov. 4, 1982.

Gary Schildhorn, Philadelphia, Pa., for debtor.

Alexander N. Rubin, Philadelphia, Pa., for Whitmoyer Objectors.

Jacques Geisenberger, Jr., Lancaster, Pa., for Unsecured Creditors Committee.

## OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

In this Chapter 11 bankruptcy case, on September 1, 1982, the debtor, Spirited, Inc., filed a Modification of Plan of Reorganization (hereinafter "Modified Plan"). On the same date, the debtor filed a document captioned: "Application For (1) Determination That Modifications Of Debtor's Plan Do Not Require A New Vote, (2) That the Disclosure Statement Contains Adequate Information, And (3) That Debtor's Plan,

As Modified, Be Confirmed" (hereinafter "Application"). Certain shareholders, debenture holders and unsecured creditors filed Objections to the debtor's Application on September 24, 1982. On September 28, 1982, the Court heard oral argument on the Application. For the reasons hereinafter given, we shall deny confirmation of the debtor's Modified Plan.[1]

In its Application, the debtor states that it is the debtor's intention to merge with Wine Country, Inc. upon the effective date of the Modified Plan, should it be confirmed. The sole stated reason in the Application for the merger is to "raise necessary capital" for the debtor, which would be the surviving company. The same individuals own controlling interests in both the debtor and in Wine Country, Inc. The debtor has intentionally omitted from its Modified Plan any mention of this proposed merger, and it is undisputed that the proposed merger is not in any way a part of, nor encompassed within, the Modified Plan.

In order for a plan of reorganization to be confirmed, it must meet all of the requirements of Section 1129 of the Bankruptcy Code, 11 U.S.C. § 1129. Section 1129(a)(11) states:

"(a) The Court shall confirm a plan only if all of the following requirements are met:

(11) Confirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan."

We conclude that the debtor's Modified Plan fails to comply with § 1129(a)(11) because the proposed merger constitutes a type of "further financial reorganization" which would very likely immediately follow confirmation of the Modified Plan, but which is not proposed in the Modified Plan. We believe that the proposed merger clear-

---

1. This opinion constitutes the findings of fact and conclusions of law as required by Rule 752 of the Rules of Bankruptcy Procedure.

ly falls within the meaning of "further financial reorganization" in § 1129(a)(11). As stated *supra,* the only reason given for the merger in the Application is to "raise necessary capital" for the debtor. Furthermore, the debtor's Proxy Statement pertaining to the merger gives the following as one of the principal reasons why the merger should be approved: "The Company is in need of significant capital. The Merger will permit the Company to obtain the financing required." Thus, it is clear from the debtor's own statements that it would need "further financial reorganization" in the form of the proposed merger following confirmation of the Modified Plan.

The debtor has relied upon the case of *Valley National Bank of Arizona v. Trustee,* 609 F.2d 1274 (9th Cir.1979), for the proposition that a debtor is not required to incorporate a proposed merger into a plan of reorganization. In the *Valley* case, however, the merger was proposed and received shareholder approval during the pendency of the bankruptcy proceedings, and was subsequently approved by the Bankruptcy Court following evidentiary hearings. The merger was not part of a plan of reorganization and was approved by the Bankruptcy Court prior to the confirmation of any such plan. Thus, *Valley* stands for no more than the proposition that a merger may take place and be approved by a Bankruptcy Court outside of a plan of reorganization and prior to the confirmation of a plan of reorganization. By no means does *Valley* militate against our holding that the debtor's Modified Plan fails to comply with 11 U.S.C. § 1129(a)(11) and, therefore, cannot be confirmed.[2]

We also decline to accept the debtor's contention that the Class 8 debenture holders and Class 9 shareholders are left unimpaired by the Modified Plan pursuant to 11 U.S.C. § 1124(1) and are thus deemed to have accepted the Modified Plan pursuant to 11 U.S.C. § 1126(f), which provides

for the deemed acceptance of a plan by an unimpaired class.

11 U.S.C. § 1124 provides as follows:

§ 1124. Impairment of claims or interests. Except as provided in section 1123(a)(4) of this title, a class of claims or interests is impaired under a plan unless, with respect to each claim or interest of such class, the plan—

(1) leaves unaltered the legal, equitable, and contractual rights to which such claim or interest entitles the holder of such claim or interest;

(2) notwithstanding any contractual provision or applicable law that entitles the holder of such claim or interest to demand or receive accelerated payment of such claim or interest after the occurrence of a default—

(A) cures any such default, other than a default of a kind specified in section 365(b)(2) of this title, that occurred before or after the commencement of the case under this title;

(B) reinstates the maturity of such claim or interest as such maturity existed before such default;

(C) compensates the holder of such claim or interest for any damages incurred as a result of any reasonable reliance by such holder on such contractual provision or such applicable law; and

(D) does not otherwise alter the legal, equitable, or contractual rights to which such claim or interest entitles the holder of such claim or interest; or

(3) provides that, on the effective date of the plan, the holder of such claim or interest receives, on account of such claim or interest, cash equal to—

(A) with respect to a claim, the allowed amount of such claim; or

(B) with respect to an interest, if applicable, the greater of—

(i) any fixed liquidation preference to which the terms of any security rep-

---

2. In further support of its position, the debtor has cited in its Memorandum the case of *Dower v. Mosser Industries, Inc.,* 648 F.2d 183 (3rd Cir.1981). However, *Dower* is inapposite to the present issue in that it is not a bankruptcy case. Rather, it is a case which interprets the Pennsylvania Business Corporation Law as it pertains to mergers.

resenting such interest entitle the holder of such interest; and

(ii) any fixed price at which the debtor, under the terms of such security, may redeem such security from such holder.

In the debtor's original Plan of Reorganization (hereinafter "Original Plan"), which was filed on February 17, 1982, the Class 8 debenture holders and Class 9 shareholders had their respective claims and interests specifically cancelled without compensation. Therefore, Classes 8 and 9 were impaired under the Original Plan, as freely conceded by the debtor.

According to the Modified Plan, Classes 8 and 9 shall retain their respective claims and interests vis-a-vis the debtor "unaffected by the provisions of this Plan." Therefore, according to the debtor, these two classes are not impaired under § 1124(1). However, Classes 8 and 9 will not actually receive any payment or compensation whatsoever under the terms of the Modified Plan. This fact was verified by the debtor's counsel during oral argument on September 28, 1982.[3]

The debtor, however, contends that it has "recognized" the respective claims and interests of Classes 8 and 9 under the Modified Plan and that such "recognition", without more, is sufficient to leave these two classes unimpaired within the meaning of § 1124(1). However, this recognition does not have any significant practical effect. Under the Original Plan, the respective claims and interests of Classes 8 and 9 were cancelled, and obviously neither class was to receive any payment or compensation. Under the Modified Plan, their respective claims and interests are "recognized", but still neither class is to receive any payment or compensation. We do not believe that these two classes should be found to be impaired under the former circumstances and unimpaired under the latter. Furthermore, of course, a statement by a debtor that a class is unimpaired does not necessarily make it so. *In re Forrest Hills Associates, Ltd.,* 18 B.R. 104 (Bkrtcy.D.Del.1982).

We believe that the proper interpretation of § 1124(1) is that a class of claims or interests for which no provision for payment or compensation is made in a plan is impaired. This is so even if the claims or interests of such a class are not specifically cancelled by a plan. The entire thrust of § 1124 deals with the payment of claims and interests. Each of the three subsections of § 1124 specifies a manner in which a class of claims or interests can be satisfied under a plan, thereby leaving the class unimpaired. Section 1124(1) describes perhaps the most common method for a plan to propose to satisfy a class of claims or interests—to agree to satisfy such claims or interests in accordance with the previously established rights of the parties.

Thus, the mere recognition or non-cancellation of a class of claims or interests is not sufficient to render a class unimpaired under § 1124(1).

We believe that our interpretation of § 1124(1) is bolstered by our reading of 11 U.S.C. § 1126(f) and 11 U.S.C. § 1126(g). Section 1126(f) states:

"(f) Notwithstanding any other provision of this section, a class that is not impaired under a plan is deemed to have accepted the plan, and solicitation of acceptances with respect to such class from the holders of claims or interests of such class is not required."

Section 1126(g) states:

"(g) Notwithstanding any other provision of this section, a class is deemed not to have accepted a plan if such plan provides that the claims or interests of such class do not entitle the holders of such claims or interests to any payment or compensation under the plan on account of such claims or interests."

The following is a quotation from the Senate Report regarding § 1126(g):

**3.** The Modified Plan makes no provision for Classes 8 and 9 to receive any payment or compensation whatsoever. However, it spells out in detail the amounts and methods of payments to be made to the other seven classes of claims.

**1008**

"Subsection (g) provides that any class denied participation under the plan is conclusively deemed to have rejected the plan. There is obviously no need to submit a plan for a vote by a class that is to receive nothing." Senate Report No. 95–989, 95th Cong., 2d Sess. (1978) 122.

If a class could be both unimpaired and not entitled to receive any payment or compensation under a plan, then § 1126(f) and § 1126(g) would produce this inconsistent result: the same class would be both deemed to have accepted and deemed to have rejected the same plan. The only way to reconcile these two sections is to interpret § 1124(1) to mean that a class not entitled to receive any payment or compensation under a plan is treated as impaired.

■ Even if we were to find that Classes 8 and 9 are unimpaired under the Modified Plan, they would still, contrary to the debtor's assertion, have the right to vote to accept or reject the Modified Plan. This is true because the deeming of the acceptance of a plan by an unimpaired class under § 1126(f) creates no more than a presumption of acceptance, which is rebuttable by the actual rejection of a plan by the unimpaired class. *In re Marston Enterprises, Inc.,* 13 B.R. 514, 518–521 (Bkrtcy.E.D.N.Y. 1981). Also see *In re Landau Boat Co.,* 13 B.R. 788, 790 (Bkrtcy.W.D.Mo.1981). We shall not repeat all of the extensive and sound reasoning of the *Marston* Court in support of this conclusion. Suffice it to say that "[T]o deem that a party has accepted a plan when the fact is that it has rejected the plan, is Alice in Wonderland reasoning which this court cannot accept." *Marston, supra,* at p. 520. It should also be noted that the term "deemed" rather than "conclusively deemed" is used in § 1126(f) and that the legislative history regarding § 1126(f) does not indicate that the deeming referred to in § 1126(f) is meant to be conclusive deeming.

We have chosen to address at this time these issues regarding Class 8 and Class 9 in addition to our holding pursuant to 11 U.S.C. § 1129(a)(11), *supra,* in order to apprise the parties of our belief that the valuation issues pertaining to 11 U.S.C. § 1129(a)(7) and 11 U.S.C. § 1129(b) would not be extinguished by the Modified Plan's treatment of Classes 8 and 9.